## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

CLAUDIA BARBINI and MARYETTA
HENRY,

                         Plaintiffs

                    v.

FIRST NIAGARA BANK, N.A., IRINA
DAMYANIDU, in her official and
individual capacities, ROBERT
McMICHAEL, in his official and individual
capacities and HUGH LAWLESS in his
official and individual
capacities,

                         Defendants.

----------------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

Civil Action No.

**JUDGE:**

### COMPLAINT

    Plaintiff CLAUDIA BARBINI (hereinafter the "plaintiff BARBINI" or "Ms. Barbini"), by and through her attorney, Brooke D. Youngwirth, Esq. of Corbally, Gartland, and Rappleyea, LLP and plaintiff MARYETTA HENRY (hereinafter the "plaintiff HENRY" or "Ms. Henry"), by and through her attorney, Deirdra Jeneva Brown, Esq. of the Law Office of D. Jen Brown, PLLC, as and for plaintiffs' complaint against the defendants, FIRST NIAGARA BANK, N.A, IRINA DAMYANIDU, in her official and individual capacities, ROBERT McMICHAEL, in his official and individual capacities, and HUGH LAWLESS, in his official and individual capacities (hereinafter collectively referred to as the "defendants"), allege the following:

### NATURE OF THE ACTION

1.    This is an action for compensatory and punitive damages, proximately caused

1

by defendants' violation of plaintiffs' rights as guaranteed by 42 U.S.C. §§ 2000e et seq. (hereinafter "Title VII"), and the New York State Executive Law § 296 et seq. (hereinafter the "New York State Human Rights Law" or "NYSHRL"), as well as plaintiff BARBINI's rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 603(a) et. seq. (hereinafter referred to as the "ADEA").

## THE PARTIES

2.      Plaintiff HENRY is a woman and a resident of the State of New York. At all times relevant to this complaint, Ms. Henry worked as the Senior Teller at defendant FIRST NIAGARA BANK's Vassar Branch on Raymond Avenue in Arlington, New York (the "Vassar Branch"). As a woman, Ms. Henry belongs to a protected class, and Ms. Henry qualifies as an "employee" as that term is defined in Title VII and in the NYSHRL.

3.      Plaintiff BARBINI is a woman and a resident of the State of New York. At all times relevant to the complaint, Ms. Barbini worked as an Assistant Branch Manager at defendant, FIRST NIAGARA, N.A.'s branches in Pleasant Valley, New York (the "Pleasant Valley Branch") and in the Vassar Branch. As a woman, plaintiff BARBINI belongs to a protected class, and qualifies as an "employee" as that term is defined within Title VII, and the NYSHRL. Also, as an individual over the age of 40, Ms. Barbini belongs to protected class and is an "employee" as defined within the ADEA.

4.      Upon information and belief, defendant, FIRST NIAGARA, N.A. ("FIRST NIAGARA") was and still is a domestic professional corporation authorized to do business in the State of New York.

5.      Upon information and belief, defendant IRINA DAMYANIDU ("defendant

2

DAMYANIDU" or "DAMYANIDU") is a resident of the State of New York. At all relevant times, defendant DAMYANIDU was employed with defendant FIRST NIAGARA BANK as the Area Manager with management authority over the employees at the Vassar Branch, including the authority to modify the terms and conditions of the plaintiffs' employment, respectively.

6.      Upon information and belief, defendant HUGH LAWLESS ("defendant LAWLESS" or "LAWLESS") is a resident of the State of New York. At all relevant times, defendant LAWLESS was employed as the branch manager of FIRST NIAGARA's Pleasant Valley and Vassar Branches, with supervisory authority over the employees, including the authority to alter or modify the terms and conditions of plaintiffs' employment, respectively.

7.      Upon information and belief, defendant ROBERT McMICHAEL ("Defendant McMICHAEL" or "McMICHAEL") is a resident of the State of New York. At all relevant times, defendant McMICHAEL was employed by defendant FIRST NIAGARA as the Human Resources Director.   As the Director of Human Resources, McMICHAEL had the authority to alter or modify the terms and conditions of the plaintiffs' employment, respectively

8.      At all relevant times, defendants DAMYANIDU, LAWLESS, McMICHAEL and other employees of defendant FIRST NIAGARA, had supervisory authority over the Plaintiffs and/or had the authority and/or the power to affect, and did adversely affect the terms and conditions of the plaintiffs' employment with defendant FIRST NIAGARA, which adverse actions are the subject of this Complaint and Jury Demand.

## JURISDICTION AND VENUE

9.      The Court's jurisdiction over plaintiffs' Federal claims is invoked pursuant to 28 U.S.C. §§1331, 1343. Supplemental jurisdiction over the New York State claims is invoked

3

pursuant to 28 U.S.C. §1367. All claims stem from a common nucleus of operative facts.

10.     Venue in the United States District Court for the Southern District of New York is proper pursuant to 28 U.S.C. §1391 et.seq since all of the discriminatory and retaliatory acts were committed by Defendants in this judicial district.

## EXHAUSTION

11.     As to plaintiff HENRY's Title VII claims, on October 5, 2015, plaintiff HENRY filed a verified complaint with the New York State Division of Human Rights (the "NYSDHR"). More than one hundred and eighty (180) days have elapsed since the date of filing.

12.     In her complaint, plaintiff HENRY alleged that defendants engaged in unlawful discrimination and retaliation when they terminated her for opposing sexual harassment in the work place, in violation of Title VII and NY Exec. Law §296.

13.     On April 4, 2016, after a thorough investigation, in which the defendants fully participated, the NYSDHR found probable cause to believe that the defendants "have engaged in or are engaging in the unlawful discriminatory practice complained of". The NYSDHR final report is attached hereto as **Exhibit "A"**.

14.     On September 8, 2016, the U.S. Equal Employment Opportunity Commission ("EEOC") issued a "notice of right to sue" letter to plaintiff HENRY, a copy of which is attached hereto as **Exhibit "B"**.  The current action is filed within the ninety (90) day limitations period required by statute.

15.     On or about February 22, 2016, plaintiff BARBINI filed a charge of discrimination with the ("EEOC"). Within her charge, plaintiff BARBINI alleged that defendants engaged in unlawful discrimination and retaliation when they terminated her being over 40, as well as for

opposing sexual harassment and age discrimination in the workplace in violation of federal and state law. Annexed hereto as **Exhibit "C"** is a copy of the charge of discrimination.

16.    On or about July 7, 2016, plaintiff BARBINI requested that the EEOC issue her a right to sue letter prior to the charge pending with the EEOC for a period of 180 days. A copy of the letter requesting same is annexed here as **Exhibit "D"**.

17.    On or about July 12, 2016, plaintiff BARBINI received a "notice of right to sue" letter from the EEOC and, as a result, the instant action is filed within ninety (90) days of that letter and thus is timely.  Annexed hereto as **Exhibit "E"** is a copy of the Notice of Right to sue letter.

### FACTUAL AVERMENTS APPLICABLE TO PLAINTIFF HENRY

18.    Defendant FIRST NIAGARA hired plaintiff HENRY in or about July, 2013.  At all times relevant plaintiff's work performance and conduct were more than satisfactory and competent, and she conducted herself with professionalism and respect.

19.    Plaintiff HENRY was quickly promoted to senior teller with the responsibility for balancing the Branch's cash transactions, maintaining operational standards and assisting with teller training and coaching.

20.    In the afternoon of August 14, 2015, plaintiff HENRY received an unsolicited "group text message" from Branch Manager, defendant Hugh LAWLESS containing a link to a pornographic website.  The group-text was sent to plaintiff HENRY and to another female branch employee (Nazibe Kaba).

21.     Defendant LAWLESS followed up with two additional text messages containing a "username" and a "password" for the pornographic website.

22.     Upon receiving no response from plaintiff HENRY, defendant LAWLESS sent a fourth text to plaintiff containing the words "delete it."   When plaintiff HENRY still did not respond, LAWLESS dispatched plaintiffs' co-worker Nazibe Kaba twice to pressure plaintiff HENRY. First, Kaba approached plaintiff HENRY and asked her to delete defendant LAWLESS' inappropriate text message from her phone. Later, Kaba returned to ask plaintiff HENRY if she had deleted the text message.

23.     Finally, defendant LAWLESS confronted plaintiff HENRY at her workstation and demanded that she give him her cell phone.  Plaintiff HENRY refused to give him the phone. LAWLESS then invited plaintiff HENRY to speak with him alone.  Plaintiff HENRY declined to go with him.

24.     Defendant  LAWLESS'  conduct  was  unsolicited  and  unwelcome,  and constituted harassment toward plaintiff HENRY because of her gender.   As manager of the Vassar Branch, and plaintiff HENRY's direct supervisor, LAWLESS had the authority to alter the terms and conditions of plaintiff HENRY's employment. LAWLESS knew, or should have known that his conduct constituted unlawful harassment against plaintiff HENRY because of her gender.

25.     Later the same day, plaintiff Henry described the series of text messages and her encounter with LAWLESS to the Assistant Branch Manager, plaintiff CLAUDIA BARBINI. Plaintiff  BARBINI recommended that plaintiff HENRY report the incident through an "800" number provided by the  bank for this purpose.  Plaintiff HENRY called the number given to her, and

filed a sexual harassment complaint, thus putting defendant FIRST NIAGARA on notice of the harassment.

26.     On Monday, August 17, 2015, Area Manager, defendant DAMYANIDU came to the Vassar Branch to speak with plaintiffs HENRY and BARBINI about HENRY's complaint. Both plaintiffs attended a meeting with defendant DAMYANIDU. DAMYANIDU offered to transfer plaintiff HENRY from the Vassar Branch to another branch if she was uncomfortable working under LAWLESS' supervision.

27.     On Tuesday, August 18, 2015, Human Relations representative defendant McMICHAEL interviewed plaintiff HENRY by teleconference.    Plaintiff BARBINI attended and was a witness to this teleconference. During the call plaintiff HENRY described for defendant McMICHAEL the unsolicited text messages that she received from defendant LAWLESS. She described being pressured by defendant LAWLESS to delete the text message; she described how LAWLESS had enlisted the involvement of plaintiffs' co-worker Nazibe Kaba in the matter; and she described how LAWLESS, using his managerial authority, had confronted her and demanded access to her private cell phone. Both plaintiff HENRY and plaintiff BARBINI told defendant McMICHAEL that they no longer felt comfortable with LAWLESS as their Branch Manager.

28.     In response, McMICHAEL asked plaintiff HENRY if LAWLESS had given her a "reason" for sending the text messages. Defendant McMICHAEL minimized the plaintiffs' concerns saying that he didn't understand why plaintiffs were upset because, "porn isn't technically illegal."

29.     On or about September 9, 2015, defendant FIRST NIAGARA fired plaintiff HENRY in retaliation for having complained of sexual harassment in the workplace. Defendant

7

FIRST NIAGARA's decision to fire plaintiff HENRY was based upon recommendations from defendant DAMYANIDU and, upon information and belief, from defendant McMICHAEL.

30.    Defendant FIRST NIAGARA told plaintiff HENRY that they made the decision to fire her after she violated the bank's "notary policy". Plaintiff's notary practices were consistent with the notary practices at her branch. Defendant used the "notary policy" as a pretext for unlawful discrimination and retaliation.   Defendant FIRST NIAGARA also fired plaintiff BARBINI and defendant LAWLESS.

31.    As a result of such conduct by Defendants, Plaintiff HENRY has suffered damages including, but not limited to, lost wages and emotional trauma.

## FACTUAL AVERMENTS APPLICABLE TO PLAINTIFF BARBINI

32.    Plaintiff BARBINI was employed with FIRST NIAGARA and its predecessor entities, Marine Midland Bank and HSBC for 27 years from July 5, 1988 until September 9, 2015. Plaintiff BARBINI was employed at the Pleasant Valley Branch in Pleasant Valley, New York and at the Vassar Branch.

33.    Over the years, plaintiff BARBINI has held numerous job titles including Teller, Platform Assistant II, Branch Service Specialist, Service Coordinator, Assistant Vice President, Annuity Sales, Cluster Operational Office, Branch Service Manager and Assistant Branch Manager.

34.    Plaintiff BARBINI is sixty-six years old (66) and was the oldest employee at the Pleasant Valley and Vassar Branches. At the time of her termination, plaintiff BARBINI held the position of Assistant Branch Manager.

8

35.     Ms. BARBINI was by all accounts an exemplary employee, with consistent positive performance evaluations and no record of prior discipline.

36.     In March 2015, plaintiff BARBINI's work conditions changed dramatically. DAMYANIDU, hired a new Assistant Branch Manager, Hugh LAWLESS, to work at the Pleasant Valley and Vassar Branches. Defendant LAWLESS was promoted to Branch Manager of the Pleasant Valley and Vassar Branches by the end of the month.

37.     Following his promotion, defendant LAWLESS and defendant DAMYANIDU began to subject plaintiff BARBINI to a pattern of age discrimination and harassment which created a hostile work environment for plaintiff BARBINI and altered the terms and conditions of her employment.

38.     Defendants LAWLESS and DAMYANIDU would often single out plaintiff BARBINI and reprimand her without cause in front of her co-workers. The younger employees were not treated in this way. On one occasion, LAWLESS threatened plaintiff BARBINI saying that "if he had his way he would take [her] out to the shed" which LAWLESS intended as a demeaning comment about plaintiff BARBINI's age.

39.     Defendants LAWLESS and DAMYANIDU did not subject similarly situated younger employees to this type of mis-treatment.

40.     In June 2015, defendant FIRST NIAGARA and DAMYANIDU hired Zuzanna Cepko. Cepko and DAMYANIDU were friends. The bank's practice was to assign only one assistant branch manager per paired branch. Upon information and belief, defendants hired the younger Cepko to replace plaintiff BARBINI because of plaintiff's age.

41.     After Cepko was hired, defendants LAWLESS and DAMYANIDU began to reduce BARBINI's responsibilities. Even though BARBINI was the senior Assistant Branch Manager, defendant LAWLESS would only consult with Cepko on Branch matters.

42.     On July 30, 2015, in an effort to manufacture grounds to terminate plaintiff BARBINI, Defendant DAMYANIDU and defendant LAWLESS falsely accused plaintiff BARBINI of submitting an application for a home equity loan without the consent of the customer. This accusation was false and made with the intent to destabilize and demoralize plaintiff BARBINI, as well as to force her to retire.

43.     Following the false accusation, defendant LAWLESS' inappropriate behavior escalated.

44.     In the afternoon of August 14, 2015, plaintiff HENRY, received an unsolicited "group text message" from Branch Manager, defendant LAWLESS containing a link to a pornographic website. Defendant LAWLESS sent two additional, inappropriate text messages to plaintiff HENRY then enlisted the help of another employee to pressure Ms. HENRY to delete the inappropriate messages.

45.     Defendant LAWLESS' conduct was unsolicited and unwelcome, and constituted sexual harassment toward plaintiff HENRY because of her gender.

46.     Later the same day, plaintiff HENRY described the series of text messages and her encounter with LAWLESS to plaintiff BARBINI and solicited plaintiff BARBINI's recommendation as to what to do. Plaintiff BARBINI recommended that plaintiff HENRY report the incident through an "800" number provided by the bank for this purpose. Plaintiff HENRY called the number given to her, and filed a sexual harassment complaint, thus putting defendant

FIRST NIAGARA on notice of the harassment.

47.     On Monday, August 17, 2015, plaintiff BARBINI participated in a meeting with plaintiff HENRY and Area Manager, defendant DAMYANIDU about HENRY's sexual harassment complaint.

48.     DAMYANIDU offered to transfer plaintiff HENRY from the Arlington Branch to another branch if she was uncomfortable working under LAWLESS' supervision. Plaintiff BARBINI opposed defendant DAMYANIDU's "offer" and told defendant DAMYANDIU that she did not see why plaintiff HENRY should be the one to be moved since she was targeted for harassment by defendant LAWLESS.

49.     On Tuesday, August 18, 2015, Human Relations representative Defendant Robert McMICHAEL interviewed plaintiff BARBINI and plaintiff Henry by teleconference.     During the call plaintiffs HENRY and BARBINI described for defendant McMICHAEL the unsolicited text messages that plaintiff HENRY received from defendant LAWLESS.  Plaintiff Henry described being pressured by defendant LAWLESS to delete the text message; HENRY described how LAWLESS had enlisted the involvement of plaintiff's co-worker Nazibe Kaba in the matter; and HENRY described how LAWLESS, using his managerial authority, had confronted her and demanded access to her private cell phone.  Plaintiff BARBINI told McMICHAEL that she believed that Mr. Lawless had acted inappropriately.  Plaintiffs BARBINI and HENRY told  McMICHAEL that they no longer felt comfortable with LAWLESS as their Branch Manager.

50.     In response, McMICHAEL  asked plaintiff Henry if LAWLESS had given her a "reason" for sending the text messages. McMICHAEL also commented that he didn't understand

why plaintiffs were so upset because, "porn isn't technically illegal."

51.    In or about July 2016, Defendant LAWLESS began to pressure his employees, including plaintiff BARBINI, to notarize home equity documents without the customer in their presence.

52. On or around September 1, 2016, plaintiff BARBINI complained to defendant DAMYANIDU that defendant LAWLESS was pressuring her and other branch employees to notarize documents without the customer present. Ms. BARBINI told defendant DAMYANIDU that she believed that defendant LAWLESS may be giving the employees improper instructions regarding how to properly notarize documents and requested clarification on the Bank's notarization procedures. She also reported that she believed that she was being discriminated against by DAYANIDU AND LAWLESS because of her age and that HENRY had been sexually harassed by LAWLESS.

53.    On or about September 9, 2015, defendant FIRST NIAGARA fired plaintiff BARBINI in retaliation for having complained of sexual harassment and age discrimination in the workplace. Defendant FIRST NIAGARA's decision to fire plaintiff BARBINI was based upon recommendations from defendant DAMYANIDU and, upon information and belief, defendant McMICHAEL.

54.    Defendant FIRST NIAGARA told plaintiff that they were firing her because she violated the bank's notary policy. Plaintiff BARBINI's notary procedures were consistent with the notary practices at the Branch. The allegations against plaintiff BARBINI were false and were used as a pretext for unlawful discrimination and retaliation.

55.    In the alternative, but for the fact that plaintiff BARBINI was over 40 years old, she

would have not be subjected to harassment and would not have been terminated from her position.

56.     As a result of such conduct by Defendants, Plaintiff BARBINI has suffered damages including, but not limited to, lost wages, counseling costs, and emotional trauma.

## AS AND FOR PLAINTIFF HENRY'S FIRST CAUSE OF ACTION AGAINST DEFENDANT FIRST NIAGARA

57.     Plaintiff HENRY repeats and re-alleges as if fully set forth, the allegations of fact contained in paragraphs "1" through "56" inclusive.

58.     Under the premises, defendant FIRST NIAGARA has denied plaintiff HENRY her right to a workplace free from *retaliation* for her opposition to and complaints about sexual harassment in the workplace and/or because of her gender; as guaranteed her by reason of Title VII, 42 U.S.C. §2000e et. seq.

## AS AND FOR PLAINTIFF HENRY'S SECOND CAUSE OF ACTION AGAINST DEFENDANT FIRST NIAGARA

59.     Plaintiff HENRY repeats and re-alleges as if fully set forth, the allegations of fact contained in paragraphs "1" through "58" inclusive.

60.     Under the premises, defendant FIRST NIAGARA has denied plaintiff HENRY her right to a workplace free from *sexual harassment and hostility* because of her gender, as guaranteed her by reason of Title VII, 42 U.S.C. §2000e et. seq.

## AS AND FOR PLAINTIFF HENRY'S THIRD CAUSE OF ACTION AGAINST DEFENDANT FIRST NIAGARA

61.     Plaintiff HENRY repeats and re-alleges as if fully set forth, the allegations of fact contained in paragraphs "1" through "60" inclusive.

62.     Under the premises, defendant FIRST NIAGARA has denied plaintiff HENRY her right to a workplace free from *discrimination* because of her gender, as guaranteed her by reason of Title VII, 42 U.S.C. §2000e et.seq.

### AS AND FOR PLAINTIFF HENRY'S FOURTH CAUSE OF ACTION AGAINST DEFENDANTS FIRST NIAGARA, HUGH LAWLESS, ROBERT McMICHAEL AND IRINA DAMYANIDU

63.     Plaintiff HENRY repeats and re-alleges as if fully set forth, the allegations of fact contained in paragraphs "1" through "62" inclusive.

64.     Under the premises, defendant FIRST NIAGARA as the employer, and defendants HUGH LAWLESS, ROBERT McMICHAEL and IRINA DAMYANIDU as aiders and abettors, have denied plaintiff HENRY her right to a workplace free from *retaliation* for her opposition to and complaints about sexual harassment in the workplace and/or because of her gender, as guaranteed her by reason of Section 296 et. seq. of the New York State Executive Law.

### AS AND FOR PLAINTIFF HENRY'S FIFTH CAUSE OF ACTION AGAINST DEFENDANTS FIRST NIAGARA, HUGH LAWLESS AND ROBERT McMICHAEL

65.     Plaintiff HENRY repeats and re-alleges as if fully set forth, the allegations of fact contained in paragraphs "1" through "64" inclusive.

66.     `Under the premises, defendant FIRST NIAGARA as the employer, and defendants HUGH LAWLESS and ROBERT McMICHAEL as aiders and abettors, have denied plaintiff HENRY her right to a workplace free from *sexual harassment and hostility* because of her gender, as guaranteed her by reason of Section 296 et. seq. of the New York State Executive Law.

14

## AS AND FOR PLAINTIFF HENRY'S SIXTH CAUSE OF ACTION AGAINST DEFENDANTS FIRST NIAGARA, HUGH LAWLESS AND ROBERT McMICHAEL

67.    Plaintiff HENRY repeats and re-alleges as if fully set forth, the allegations of fact contained in paragraphs "1" through "66" inclusive.

68.    Under the premises, defendant FIRST NIAGARA as the employer, and defendants HUGH LAWLESS and ROBERT McMICHAEL as aiders and abettors, have denied plaintiff HENRY her right to a workplace free from *discrimination* because of her gender, as guaranteed her by reason of Section 296 et.seq. of the New York State Executive Law.

## AS AND FOR PLAINTIFF BARBINI'S FIRST CAUSE OF ACTION AS AGAINST DEFENDANT FIRST NIAGARA

69.    Plaintiffs repeat and re-allege as if fully set forth, the allegations of fact contained in paragraphs "1" through "68" inclusive.

70.    Under the premises, defendant FIRST NIAGARA has denied plaintiff BARBINI her right to a workplace free from *retaliation* for her opposition to and complaints about sexual harassment in the workplace; as guaranteed her by reason of Title VII, 42 U.S.C. §2000e et.seq.

## AS AND FOR PLAINTIFF BARBINI'S SECOND CAUSE OF ACTION AS AGAINST DEFENDANT FIRST NIAGARA, HUGH LAWLESS, ROBERT McMICHAEL AND IRINA DAMYANDIU

71.    Plaintiffs repeat and re-allege as if fully set forth, the allegations of fact contained in paragraphs "1" through "70" inclusive.

72.    Under the premises, defendant FIRST NIAGARA as the employer, and Defendants HUGH LAWLESS, ROBERT McMICHAEL and IRINA DAMYANIDU, as aiders and abettors, have denied plaintiff BARBINI her right to a workplace free from *retaliation* for her opposition

15

to and complaints about sexual harassment in the workplace, as guaranteed her by reason of Section 296 et.seq. of the New York State Executive Law.

## AS AND FOR PLAINTIFF BARBINI'S THIRD CAUSE OF ACTION AS AGAINST DEFENDANT FIRST NIAGARA

73.    Plaintiffs repeat and re-allege as if fully set forth, the allegations of fact contained in paragraphs "1" through "72" inclusive.

74.    Under the premises, defendant FIRST NIAGARA has denied plaintiff BARBINI her right to a workplace free from *sexual harassment and hostility* because of her gender, as guaranteed her by reason of Title VII, 42 U.S.C. §2000e et.seq.

## AS AND FOR PLAINTIFF BARBINI'S FOURTH CAUSE OF ACTION AS AGAINST DEFENDANTS FIRST NIAGARA, HUGH LAWLESS, IRINA DAMYANIDU AND ROBERT McMICHAEL

75.    Plaintiffs repeat and re-allege as if fully set forth, the allegations of fact contained in paragraphs "1" through "74" inclusive.

76.    Under the premises, defendant FIRST NIAGARA as the employer, and defendants HUGH LAWLESS, IRINA DAMYANIDU and ROBERT McMICHAEL as aiders and abettors, have denied plaintiff BARBINI her right to a workplace free from *sexual harassment and hostility* because of her gender, as guaranteed her by reason of Section 296 et.seq. Of the New York State Executive Law.

## AS AND FOR PLAINTIFF BARBINI'S FIFTH CAUSE OF ACTION AS AGAINST DEFENDANT FIRST NIAGARA

77.    Plaintiffs repeat and re-allege as if fully set forth, the allegations of fact contained in paragraphs "1" through "76" inclusive.

78.    Under the premises, defendant FIRST NIAGARA has denied plaintiff BARBINI her

16

right to a workplace free from *discrimination* because of her gender, as guaranteed her by reason of Title VII, 42 U.S.C. §2000e et.seq.

### AS AND FOR PLAINTIFF BARBINI'S SIXTH CAUSE OF ACTION AS AGAINST DEFENDANTS FIRST NIAGARA, IRINA DAMYANIDU HUGH LAWLESS AND ROBERT McMICHAEL

79.    Plaintiffs repeats and re-alleges as if fully set forth, the allegations of fact contained in paragraphs "1" through "78" inclusive.

80.    Under the premises, defendant FIRST NIAGARA as the employer, and defendants HUGH LAWLESS, IRINA DAMYANIDU and ROBERT McMICHAEL as aiders and abettors, have denied plaintiff BARBINI her right to a workplace free from *discrimination* because of her gender, as guaranteed her by reason of Section 296 et.seq. of the New York State Executive Law.

### AS AND FOR PLAINTIFF BARBINI'S SEVENTH CAUSE OF ACTION AS AGAINST FIRST NIAGARA

81.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs "1" through "80" of this complaint as if set forth herein at length.

82.    Under the premises, defendant FIRST NIAGARA as the employer has denied plaintiff BARBINI her right to a workplace free from *harassment and hostility* because of her age, as guaranteed her under the ADEA.

### AS AND FOR PLAINTIFF BARBINI'S EIGHTTH CAUSE OF ACTION AS AGAINST DEFENDANTS FIRST NIAGARA, IRINA DAMYANIDU HUGH LAWLESS AND ROBERT McMICHAEL

83.    The Plaintiffs repeat and re-allege each and every allegation contained in paragraphs "1" through "82" of this complaint as if set forth herein at length.

84. Under the premises, defendant FIRST NIAGARA as the employer, and defendants HUGH LAWLESS, IRINA DAMYANIDU and ROBERT McMICHAEL as aiders and abettors, have denied plaintiff BARBINI her right to a workplace free from *harassment and hostility* because of her age, as guaranteed her by reason of Section 296 et.seq. of the New York State Executive Law.

## AS AND FOR PLAINTIFF BARBINI'S NINTH CAUSE OF ACTION AS AGAINST FIRST NIAGARA

85.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs "1" through "84" of this complaint as if set forth herein at length.

86.     Under the premises, defendant FIRST NIAGARA as the employer has denied plaintiff BARBINI her right to a workplace free from *retaliation* for her opposition to and complaints about age discrimination in the workplace, as guaranteed her under the ADEA, 29 U.S.C. § 603(a) et. seq.

## AS AND FOR PLAINTIFF BARBINI'S TENTH CAUSE OF ACTION AS AGAINST DEFENDANTS FIRST NIAGARA, IRINA DAMYANIDU HUGH LAWLESS AND ROBERT McMICHAEL

87.     The plaintiffs repeat and re-allege each and every allegation contained in paragraphs "1" through "86" of this complaint as if set forth herein at length.

88. Under the premises, defendant FIRST NIAGARA as the employer, and defendants HUGH LAWLESS, IRINA DAMYANIDU and ROBERT McMICHAEL as aiders and abettors, have denied plaintiff BARBINI her right to a workplace free from *retaliation* for her opposition to and complaints about age discrimination in the workplace, as guaranteed her by reason of Section 296 et.seq. of the New York State Executive Law.

## AS AND FOR PLAINTIFF BARBINI'S ELEVENTH CAUSE OF ACTION AS AGAINST FIRST NIAGARA

89.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs "1" through "88" of this complaint as if set forth herein at length.

90.     Under the premises, defendant FIRST NIAGARA as the employer has denied plaintiff BARBINI her right to a workplace free from *discrimination* because of her age, as guaranteed her under the ADEA, 29 U.S.C. § 603(a) et. seq.

## AS AND FOR PLAINTIFF BARBINI'S TWELFTH CAUSE OF ACTION AS AGAINST DEFENDANTS FIRST NIAGARA, IRINA DAMYANIDU, HUGH LAWLESS AND ROBERT McMICHAEL

91.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs "1" through "90" of this complaint as if set forth herein at length.

92. Under the premises, defendant FIRST NIAGARA as the employer, and defendants HUGH LAWLESS, IRINA DAMYANIDU and ROBERT McMICHAEL as aiders and abettors, have denied plaintiff BARBINI her right to a workplace free from *discrimination* because of her age, as guaranteed her by reason of Section 296 et.seq. of the New York State Executive Law.

## AS AND FOR PLAINTIFF BARBINI'S THIRTEENTH CAUSE OF ACTION AS AGAINST FIRST NIAGARA

93.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs "1" through "92" of this complaint as if set forth herein at length.

94.     Under the premises, defendant FIRST NIAGARA as the employer has denied plaintiff BARBINI her right to a workplace free from harassment and a *hostile work environment* because of her age, as guaranteed her under the ADEA, 29 U.S.C. § 603(a) et. seq.

19

**AS AND FOR PLAINTIFF BARBINI'S FOURTEENTH CAUSE OF
ACTION AS AGAINST DEFENDANTS FIRST NIAGARA, IRINA
DAMYANIDU HUGH LAWLESS AND ROBERT McMICHAEL**

95.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs "1" through "95" of this complaint as if set forth herein at length.

96.     Under the premises, defendant FIRST NIAGARA as the employer and defendants HUGH LAWLESS, IRINA DAMYANIDU and ROBERT McMICHAEL as aiders and abettors, have denied plaintiff BARBINI her right to a workplace free from harassment and *a hostile work environment* because of her age, as guaranteed her under Section 296 et.seq. of the New York State Executive Law.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray that this Court empanel a jury of plaintiffs' peers, and enter judgment against all defendants, jointly and severally, in an amount to be determined at trial inclusive but not limited to

(A)     payment of back pay, front pay, and liquidated and compensatory damages for severe physical and mental distress and injury, mental anguish, humiliation and embarrassment from defendants' unlawful discriminatory and retaliatory acts;

(B)     an award of punitive damages against all defendants, jointly and severally, for deliberate and egregious unlawful retaliatory acts against plaintiff in an amount not less than $500,000.00, the full amount to be determined at trial;

(C)     an award of plaintiffs' reasonable attorney's fees and the costs of prosecuting this action under TITLE VII, ADEA and the NYSHRL; and

(D)     such other and further relief as to this Court may seem just and proper.

Dated:   October 7, 2016
         Poughkeepsie, New York

CORBALLY, GARTLAND & RAPPLEYEA, LLP

By: _____
     Brooke D. Youngwirth, Esq. (DB 210)
     35 Market Street
     Poughkeepsie, New York 12601
     Phone: (845) 454-7322
     Fax:   (845) 240-7323
     Counsel for Plaintiff Claudia BARBINI

LAW OFFICES OF D. JEN BROWN, PLLC

By: _____
     Deirdra Jeneva Brown (DB0307)
     272 Mill Street
     Poughkeepsie, New York 12601
     Phone: (845) 454-0835
     Fax: (845) 454-0836
     Counsel for Plaintiff Maryetta HENRY

21