UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLAUDIA BARBINI and MARYETTA HENRY,

               Plaintiffs,

    v.                                                 Civil No.:  16-CV-7887

FIRST NIAGARA BANK, N.A., IRINA
DAMYANIDU, in her official and individual
capacities, ROBERT McMICHAEL, in his official and
individual capacities and HUGH LAWLESS, in his
official and individual capacities,

               Defendants.

# <u>ANSWER</u>

       Defendants KeyBank National Association, successor by merger to First Niagara

Bank, N.A. ("First Niagara"),[1] Irina Damyanidu, and Robert McMichael (the "Defendants"), by

their attorneys Hodgson Russ LLP, for their Answer to the Complaint, allege upon information

and belief as follows:

       1.     As to the allegations in paragraph 1 the Complaint, admit that Plaintiffs

purport to bring claims under the various statutes cited therein, but otherwise deny the remaining

allegations in paragraph 1 and that Plaintiffs are entitled to any relief.

       2.     As to the allegations in paragraph 2 of the Complaint, admit that Plaintiff

Henry is a woman and that she previously held the title of Senior Teller at First Niagara's Vassar

---

[1]    KeyBank National Association is the successor by merger to First Niagara Bank, N.A, an entity which no longer exists.  Defendants will consent to a timely motion to amend the caption.

Branch on Raymond Avenue in Arlington, New York (the "Vassar Branch").  The remaining allegations in paragraph 2 are legal conclusions, which do not require a response.

3.      As to the allegations in paragraph 3 of the Complaint, admit that Plaintiff Barbini is a woman, over the age of 40, and she previously held the title of Assistant Branch Manager at First Niagara's Vassar Branch.  The remaining allegations in paragraph 3 are legal conclusions, which do not require a response.

4.      As to the allegations in paragraph 4 of the Complaint, state that KeyBank National Association is the successor by merger to First Niagara Bank, N.A, and deny the remaining allegations in paragraph 4.

5.      As to the allegations in paragraph 5 of the Complaint, admit that Irina Damyanidu is a resident of New York and employed by KeyBank as an Area Manager, but deny the remaining allegations in paragraph 5.

6.      As to the allegations in paragraph 6 of the Complaint, admit that Hugh Lawless is a resident of New York and previously employed by First Niagara as a Branch Manager, but deny the remaining allegations in paragraph 6.

7.      As to the allegations in paragraph 7 of the Complaint, admit that Robert McMichael is employed by KeyBank as a Human Resources Director, but deny the remaining allegations in paragraph 7.

8.      Deny the allegations in paragraphs 8, 24, 31, 36, 37, 38, 39, 40, 41, 42, 43, 45, 52, 55, 56, 58, 60, 62, 64, 66, 68, 70, 72, 74, 76, 78, 80, 82, 84, 86, 88, 90, 92, 94, and 96 of the Complaint.

9.      As to the allegations in paragraph 9 of the Complaint, admit that Plaintiffs invokes the Court's jurisdiction under the statutes listed in paragraph 9 of the Complaint, but deny that any events or omissions took place that would give rise to or otherwise support jurisdiction in this Court.

10.      As to the allegations in paragraph 10 of the Complaint, admit that Plaintiffs invoke venue in this this District as alleged in paragraph 10 of the Complaint, but deny that any events or omissions took place that would support venue in this District.

11.      As to the allegations in paragraphs 11 and 12 of the Complaint, admit that Plaintiff Henry filed a verified complaint with the State Division of Human Rights ("DHR") on or around October 5, 2015, the terms of which speak for themselves.  To the extent the allegations in the Complaint are not consistent with the verified complaint, the allegations are denied.

12.      As to the allegations in paragraph in 13 of the Complaint, admit that DHR issued a Determination After Investigation on or around April 4, 2016, the terms of which speak for themselves.  To the extent the allegations in paragraph 13 are inconsistent with the Determination After Investigation, the allegations are denied.

13.      As to the allegations in paragraph 14 of the Complaint, admit that the U.S. Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue letter to

Plaintiff Henry, the terms of which speak for themselves.  To the extent the allegations in paragraph 14 are inconsistent with the Determination After Investigation, the allegations are denied.

14.    As to the allegations in paragraph 15 of the Complaint, admit that Plaintiff Barbini filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), the terms of which speak for themselves.  To the extent the allegations in the Complaint are not consistent with the charge of discrimination, the allegations are denied.

15.    As to the allegations in paragraphs 16 and 17 of the Complaint, admit that those paragraphs refer to correspondence between Plaintiff and the EEOC dated July 7, 2016 and July 12, 2016, the terms of which speak for themselves. To the extent the allegations in paragraphs 16 and 17 are not consistent with that correspondence, the allegations are denied.

16.    As to the allegations in paragraph 18 of the complaint, admit that Plaintiff Henry was previously employed by First Niagara but deny the remaining allegations in paragraph 18 of the Complaint.

17.    As to the allegations in paragraph 19 of the Complaint, admit that Plaintiff Henry held the title of Senior Teller but deny the remaining allegations in paragraph 19 of the Complaint.

18.    As to the allegations in paragraphs 20 and 44 of the Complaint, admit that Plaintiff Henry reported that Lawless sent her and another employee a text message with a link to an adult website, but deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 20 and 44 of the Complaint.

19.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraphs 21, 22, and 23 of the Complaint.

20.     As to the allegations in paragraphs 25 and 46 of the Complaint, admit that Plaintiff Henry called First Niagara's 800 number to report the incident with Lawless, but deny knowledge and information sufficient to form a belief as to the remaining allegations in paragraphs 25 and 46 of the Complaint.

21.     As to the allegations in paragraphs 26, 47, and 48 of the Complaint, admit that Damyanidu investigated Plaintiff Henry's complaint about Lawless, but deny the remaining allegations in paragraphs 26, 47, and 48 of the Complaint.

22.     As to the allegations in paragraphs 27, 28, 49, and 50 of the Complaint, admit that McMichael interviewed Plaintiff Henry but teleconference, but deny the remaining allegations in paragraphs 27, 28, 49, and 50 of the Complaint.

23.     As to the allegations in paragraphs 29 and 30 of the Complaint, admit that Plaintiff Henry, Plaintiff Barbini, and Defendant Lawless were terminated for violating First Niagara's notary policy, but deny the remaining allegations in paragraphs 29 and 30 of the Complaint.

24.     Admit the allegations in paragraphs 32 and 33 of the Complaint.

25.     As to the allegations in paragraph 34 of the Complaint, admit that upon information and belief that Plaintiff Barbini is 66 years old and admit she held the position of

Assistant Branch Manager, but otherwise deny the remaining allegations in paragraph 34 of the Complaint.

26.     As to the allegations in paragraph 35 of the Compliant, admit that Plaintiff had no record of prior discipline but deny the remaining allegations in paragraph 35 of the Complaint.

27.     As to the allegations in paragraph 51 of the Complaint, admit that Lawless condoned the practice of notarizing home equity documents outside of the presence of the customer, which resulted in Lawless's termination of employment.  Defendants otherwise deny the remaining allegations in paragraph 51 of the Complaint.

28.     As to the allegations in paragraphs 53 and 54 of the Complaint, admit that Plaintiff Barbini was terminated for violating First Niagara's bank notary policy, but deny the remaining allegations in paragraphs 53 and 54 of the Complaint.

29.     As to the allegations in paragraphs 57, 59, 61, 63, 65, 67, 69, 71, 73, 75, 77, 79, 81, 83, 85, 87, 89, 91, 93, and 95 of the Complaint, repeat and reallege the responses to the prior paragraphs of the Complaint as if fully set forth herein.

30.     Defendants deny that the plaintiffs are entitled to any relief sought in the Complaint.

31.     Defendants deny each and every other allegation within the plaintiffs' Complaint not specifically responded to above.

## DEFENSES

### FIRST DEFENSE

32.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

33.     Any employment action taken by Defendants towards Plaintiff were taken in good faith and without malice in keeping with its supervisory authority over Plaintiffs.

### THIRD DEFENSE

34.     Any employment action taken by First Niagara toward Plaintiffs were taken for legitimate, non-discriminatory reasons, having nothing to do with Plaintiffs' alleged protected classifications or activities, and was a proper exercise of management discretion and judgment.

### FOURTH DEFENSE

35.     Any employment action taken by First Niagara toward Plaintiffs were taken for legitimate, non-discriminatory reasons, having nothing to do with Plaintiffs' alleged protected classifications or activities, and was in keeping with First Niagara's stated policies, procedures, and practices, and did not aid or abet any discriminatory or otherwise wrongful action that may have been taken by any other defendant.

### FIFTH DEFENSE

36.     Plaintiffs' damages, if any, were caused by their respective own failures to take reasonable actions to avoid and/or mitigate their alleged damages.

## SIXTH DEFENSE

37.     Any employment actions taken by First Niagara toward Plaintiffs was for reasons that were job-related and consistent with business necessity.

## SEVENTH DEFENSE

38.     Plaintiff Henry failed to utilize First Niagara's discrimination complaint procedure in a timely manner.

## EIGHTH DEFENSE

39.     Plaintiffs' claims for relief are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or unclean hands.

## NINTH DEFENSE

40.     First Niagara is not liable for punitive damages, because neither it nor any of its agents committed any unlawful acts with willful, malicious, or reckless indifference to the protected rights of Plaintiffs, nor did First Niagara authorize or ratify such practices.

## TENTH DEFENSE

41.     Plaintiffs cannot establish that Defendants treated a similarly situated employee differently than it treated Plaintiffs.

## ELEVENTH DEFENSE

42.     Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA") do not authorize a claim for individual liability.

## TWELFTH DEFENSE

43.     Defendants Lawless, McMichael, and Damyanidu did not employ Plaintiffs.

## THIRTEENTH DEFENSE

44.     If Plaintiffs are entitled to an award of damages and/or other relief, which Defendants expressly deny, such damages and/or relief may be limited by the after-acquired evidence doctrine.

## FOURTEENTH DEFENSE

45.     First Niagara asserts that it would have terminated Plaintiffs' employment regardless of any alleged improper motive.

## FIFTEENTH DEFENSE

46.     To the extent Plaintiffs are asserting violations of Title VII, the ADEA, or the Human Rights Law  beyond those that were timely included in their charges of discrimination and investigated by the EEOC or DHR, Defendant asserts that Plaintiffs failed to exhaust her administrative remedies.

## SIXTEENTH DEFENSE

47.     To the extent that Plaintiffs have has made allegations which relate to claims based upon matters occurring more than three hundred (300) days prior to the filing of a charge of discrimination with the Equal Employment Opportunity Commission, such claims are time-barred.

## SEVENTEENTH DEFENSE

48.     First Niagara asserts that it undertook good faith efforts to prevent and remedy any alleged discrimination or retaliation and that Plaintiffs unreasonably failed to avail themselves of First Niagara's internal procedures for remedying any such discrimination or retaliation.


**WHEREFORE**, Defendants KeyBank National Association, successor by merger to First Niagara Bank, Irina Damyanidu, and Robert McMichael demand judgment dismissing the Complaint in its entirety, together with reasonable costs and attorney's fees, and such other and further relief as this Court deems just and proper.

Dated:  Buffalo, New York
        December 23, 2016

                    **HODGSON RUSS** LLP
                    *Attorneys for Defendants First Niagara Bank, N.A.,*
                    *Irina Damyanidu, and Robert McMichael*


                    By:   s/Joseph S. Brown
                            Joseph S. Brown
                    The Guaranty Building
                    140 Pearl Street, Suite 100
                    Buffalo, New York 14202-4040
                    Tel:  716.856.4000

15621468v1 019000.07240