UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
CLAUDIA BARBINI and MARYETTA
HENRY,
                      Plaintiffs,        **MEMORANDUM OF LAW**

                      v.                     Civil Action No.: 7:16-cv-07887
                                                            (NSR-JCM)

KEY BANK, N.A., as successor in interest
to FIRST NIAGARA BANK, N.A.,
FIRST NIAGARA BANK, N.A., IRINA
DAMYANIDU, in her official and
individual capacities, ROBERT
McMICHAEL, in his official and individual
capacities and HUGH LAWLESS in his
official and individual
capacities,
                      Defendants.
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

Plaintiffs, Maryetta Henry and Claudia Barbini ("Plaintiffs"), submit this Memorandum of Law in opposition to Defendants First Niagara, KeyBank National Association, Irina Damyanidu, and Robert McMichael's ("Moving Defendants") Objection to the Memorandum & Order of Magistrate Judge Judith C. McCarthy ("Magistrate Judge McCarthy") dated July 16, 2018 in which Judge McCarthy denied Moving Defendants' motion for a protective order, authorized Plaintiffs to reopen the McMichael deposition, and directed Defendants to submit a privilege log listing documents that are related to the sexual harassment and the notary policy investigations and for which defendants claim a privilege. See Dkt. #61. For the reasons set forth herein, Plaintiffs respectfully request that the Court confirm the July 16, 2018 Memorandum & Order.

## STANDARD OF REVIEW

Fed R. Civ. P. 72(a) and the Federal Magistrate's Act provide that a magistrate judge's orders regarding non-dispositive issues shall only be reversed if they are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C.S. § 636(b)(1)(A). In applying this standard, Magistrate Judges are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if it is determined that the Magistrate Judge has abused his discretion. Sadowski v. Tech. Career Insts., 93 Civ. 0455 (PKL), 1994 U.S. Dist. LEXIS 15590, at *1 (S.D.N.Y. Nov. 2, 1994).

Objections may not be "conclusory or general," and parties "may not simply regurgitate the original briefs to the magistrate judge". Thomas v. Astrue, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009) (internal quotation marks and citation omitted); see generally Mario v. P&C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding party who filed cursory objections to magistrate judge's report and recommendation failed adequately to object under Fed. R. Civ. P. 72(b)).

Conversely, objections generally may not include new arguments "that were not raised, and thus were not considered, by the magistrate judge." Jackson v. Brandt, No. 10 Civ. 5858 (PAC), 2012 U.S. Dist. LEXIS 91002, 2012 WL 2512015, at *6 (S.D.N.Y. June 29, 2012) (order adopting report and recommendation).

There is no evidence in the record that Magistrate Judge McCarthy abused her discretion. See Dkt # 61. Instead, Moving Defendants seek to introduce new arguments that were not raised in their moving and reply papers and to re-argue the points that they previously made. See Dkt. # 63. As such, Plaintiffs respectfully request that the Court deny Moving Defendants the relief requested.

## BACKGROUND

The factual allegations are correctly summarized in Magistrate Judge McCarthy's decision and order and will not be restated here. Dkt. # 61 pp. 2-3

Plaintiffs assert that Defendants used the "notary investigation" as a pretext to terminate Plaintiffs for having engaged in protected activity. Dkt. # 50 and Dkt. #1, Complaint.

Defendants assert that plaintiffs were fired because they violated New York State Notary Law, and the Bank's internal notary policy. Dkt. # 47. The Bank's human resources manager, Robert McMichael, testified at his deposition that he consulted with, and relied upon input from, in-house Legal Counsel and Vice President Lura Bechtel regarding this decision to terminate Plaintiffs. Dkt. # 50, Exhibit A Tr.pp. 2-10, 21:15-25, 24:4-16. The propriety of Ms. Bechtel's legal counsel therefore, is salient to the issue of pretext.

McMichael further testified that although Hugh Lawless' direct supervisor recommended that he be terminated for violating the Bank's sexual harassment policy, management decided not to terminate Lawless after consulting with in-house counsel. Id. See also, Dkt. # 50, Exhibit A Tr McMichael pp. 47 and 48. Mr. McMichael could not explain why Mr. Lawless was issued a warning, rather than terminated for this well-documented violation of bank policy, without disclosing his communications with Bechtel. Id. By claiming privilege, Moving Defendants are thus attempting to shield themselves and the true decision maker in this case, from scrutiny for pretext.

Therefore, it is essential to the prosecution of Plaintiffs' case that they be allowed to review any communications between Ms. Bechtel and management and to depose witnesses with regards to the legal and management advice given by Ms. Bechtel concerning the investigations and disciplinary decisions.

3

## ARGUMENT

### POINT I

### MAGISTRATE JUDGE MCCARTHY PROPERLY FOUND THAT MOVING DEFENDANTS HAD WAIVED ATTORNEY-CLIENT PRIVILEGE BY ASSERTING A *FARAGHER/ELLETH* DEFENSE

Magistrate Judge McCarthy found that the Moving Defendants waived attorney-client privilege with respect to documents and discussions with in-house counsel by asserting a *Faragher/Elleth* defense with respect to both Plaintiffs' termination and First Niagara's investigation into Plaintiffs' sexual harassment complaint. Dkt. # 61.

According to the Court, "advice of counsel may be placed in issue where, for example, a party's state of mind, such as his good faith belief in the lawfulness of his conduct, is relied upon in support of a claim of defense". Id. at pg. 10, *citing* Leviton Mfg. Co. v. Greenberg Traurig LLP, 2010 U.S. Dist. LEXIS 128849 (S.D.N.Y. Dec. 6, 2010), *objections overruled by* Leviton Mfg. Co. v. Greenberg Traurig LLP, 2011 U.S. Dist. LEXIS 77432 (S.D.N.Y. July 13, 2011). Accordingly, "the factual truth of the Bank's defense can only be assessed by examination of a privileged communication". Id. and Johnson v. J. Walter Thompson U.S.A., LLC, 2017 U.S. Dist. LEXIS 126185 (S.D.N.Y. Aug. 9, 2017).

According to the Bank, the *Faragher/Ellerth* defense has no bearing on waiver because Moving Defendants "expressly disclaimed reliance on counsel as part of its defense". Dkt. # 63, Memorandum of Law, pg. 6.

However, waiver based on an advice of counsel defense and a *Faragher/Elleth* defense are two separate types of waiver with separate legal standards. Id. Whether or not the Bank expressly disclaimed reliance on advice of counsel has no bearing on the fact that it waived attorney-client privilege when it alleged a *Faragher/Ellerth* defense. Moving Defendants raised

the *Faragher/Elleth* defense two times in their answer by asserting that "First Niagara asserts that it undertook good faith efforts to prevent and remedy any alleged discrimination or retaliation and that Plaintiffs unreasonably failed to avail themselves of First Niagara's internal procedures for remedying any such discrimination or retaliation" and that "any employment actions taken by First Niagara towards Plaintiffs was for reasons that were job-related and consistent with business necessity". Id.

Moving Defendants argue that Magistrate Judge McCarthy "misapprehended the nature of the *Faragher/Ellerth* defense…" because the Bank "is not asserting that its investigation of Ms. Henry's [sexual harassment complaint] concerning Lawless is privileged", "Attorney Bechtel did not conduct the investigation" and, Ms. Bechtel "did not provide advice on how to conduct the investigation". Moving Defendants also argue that the *Faragher/Ellerth* waiver does not apply because Ms. Bechtel did not make any employment decision concerning Mr. Lawless.

However, first, Moving Defendants did not argue, nor present any evidence in their moving papers, to support their allegations that Ms. Bechtel did not conduct the investigation, did not provide any advice on how to conduct the investigation, or make any employment decision concerning Defendant Lawless. See Dkt. # 47 and Dkt. #55. In fact, Moving Defendants failed to argue in any way in their moving papers or reply papers that they did not waive privilege by interposing a *Faragher/Elleth* defense. Id.

Plaintiffs, on the other hand, presented deposition transcripts and copies of the investigative reports with Ms. Bechtel's name listed that suggest that she participated in the investigation, reviewed the investigative findings, and made the determinations as to whether sexual harassment had occurred, and whether and how Mr. Lawless should be disciplined. See Dkt. # 16.

5

As noted by Judge McCarthy, McMichael's testimony, as well as the Bank's letters to the Court, indicate that the Bank made its decisions, including whether to terminate Plaintiffs and discipline Lawless "based, at least in part, on the legal advice provided by Bechtel". Dkt. # 61, pg. 9.

Importantly, Defendant McMichael could not explain the Bank's investigative findings that Mr. Lawless did not commit sexual harassment and should only be issued a written warning or that Plaintiffs had violated notary policy and law and should be terminated, - - without invoking attorney-client privilege. See also, Dkt. # 50, Exhibit A Tr McMichael pp. 47 and 48. This fact clearly demonstrates that Ms. Bechtel was involved in the investigations and assisted the Bank in making its findings with respect to Mr. Lawless' discipline and the terminations.

A person may waive protection where he asserts a factual claim of truth of which can only be assessed by examination of a privileged communication…" Bowne, Inc. v. AmBase Corp., 150 F.R.D. 465 (S.D.N.Y. 1993). Moving Defendants are alleging that their response to Plaintiffs' allegations of sexual harassment was adequate but are denying Plaintiffs the ability to question the individual that can explain why Moving Defendants responded the way that they did. As such, Moving Defendants request for a protective order was properly denied.

Importantly, Moving Defendants argue that Judge McCarthy erred in interpreting these cases only with respect to Moving Defendants' decision to issue a final written warning to Lawless. See Dkt. # 63, Memorandum of Law, pg. 6-7. Moving Defendants make no argument with regards to whether these cases are applicable to waiver with regards to the notary investigation that led to the Plaintiffs' termination. Id.

6

## POINT II

### MAGISTRATE JUDGE MCCARTHY PROPERLY FOUND THAT MOVING DEFENDANTS HAD WAIVED ATTORNEY-CLIENT PRIVILEGE BY RELYING ON AN ADVICE OF COUNSEL DEFENSE

Moving Defendants also argue that any advice that Attorney Bechtel provided regarding the decision to terminate Plaintiffs is privileged because Moving Defendants did not explicitly invoke the advice of counsel defense in their answer. Id.

The Court properly found waiver based on both the *Faragher/Ellerth* defense and an advice of counsel defense. See Dkt. # 61. The Court properly found that the relevant inquiry is not whether the Bank expressly disclaimed reliance on counsel as part of its defense, but rather "whether the Bank is relying upon Bechtel's legal advice to some extent as part of its defense against Plaintiffs' employment discrimination claims". Id. at pg. 9.

As discussed *supra* in Point I, Mr. McMichael's testimony, as well as the investigative documents and the Bank's letter indicate that the Bank made its decisions to terminate Plaintiffs and not to issue a written warning based on Ms. Bechtel's advice. As such, the factual truth of the Bank's defense can only be assessed by an examination of the privileged communications.

Moving Defendants argue that "enforcing the privilege as to any legal advice provided by Attorney Bechtel will not prevent plaintiffs from understanding how Moving Defendants reached the decision to terminate their employment…" Dkt. # 63, MOL, pg. 7. However, as discussed above and in Plaintiffs' Opposition and Reply letters, the only person who can answer why Plaintiffs were terminated and why Moving Defendants believed that Plaintiffs had violated notary policy and procedure is Laura Bechtel.

At a minimum, Plaintiffs' ability to demonstrate pretext will depend upon the content of Laura Bechtel's communications with Defendant's manager/decision-makers; particularly with

7

regard to why Bechtel would tell Moving Defendants that Plaintiffs "broke the law" and "violated bank policy," when neither of these conclusions appear to be supported by the evidence. If Bechtel did not give Moving Defendants this advice, then clearly Moving Defendants' purported reason for terminating Plaintiffs was a pretext.

Furthermore, Plaintiffs' are entitled to review Ms. Bechtel's written communications regarding the notary investigation. As discussed in Plaintiffs' moving papers, deposition testimony from the Moving Defendants indicates that Ms. Bechtel consulted with and advised human resources employee Marlys Kotyuk-Regina, who made the final decision to terminate the Plaintiffs for alleged notary violations. See Dkt. # 50. By claiming privilege, Moving Defendants are attempting to shield themselves and the individual that made the management decision to terminate Plaintiffs.

Moving Defendants also argue that the cases cited by the Court in support of its determination that Moving Defendants waived privilege with respect to the decision to terminate Plaintiffs are distinguishable. Moving Defendants argue that Asberry v. Corinthian Media, Inc., 2009 U.S. Dist. LEXIS 86493 (S.D.N.Y. Sep. 18, 2009) is distinguishable from this case because in Asberry, the defendant alleged that it had relied upon the advice of counsel in two affirmative defenses, unlike the Defendants in this case. Dkt. # 63, pg. 6.

However, as aptly noted by Magistrate Judge McCarthy, courts have recognized that a party need not explicitly rely upon defense of counsel to implicate privileged communications. Bowne, Inc. 150 F.R.D. at 465. Here, Moving Defendants have placed advice of counsel at issue by relying on the defense that it acted in good faith in their decision and by Defendant McMichael testifying that he relied on the advice of counsel to reach the decision to terminate the Plaintiffs.

8

Moving Defendants also argue that Magistrate Judge McCarthy erred in citing Enea v. Bloomberg L.P, No. 12cv4656-GBD-FM, 2015 U.S. Dist. LEXIS 111901 (S.D.N.Y. Aug. 20, 2015) as a basis for its decision. Id. In Enea, the Court found that the defendant employer was required to disclose its privileged documents despite its express disclaimer of any reliance on counsel as part of its affirmative defense of good faith. Id. at 614-16.

In doing so, the Court upheld the principal that an employer may not avoid the disclosure of otherwise undiscoverable documents through "artful pleading" of "only some of the necessary elements" of the statutory defense of good faith. Id.

Moving Defendants argue that this long-standing principal of law only applies to good faith defenses that "relate to its understanding of a specific statutory requirement based on information provided by legal counsel". Dkt. # 63 pgs, 6-7.

However, there is no legal treatise or statute to suggest that only legal advice given by legal counsel relating to a statutory requirement is waived through an affirmative defense of good faith. To the contrary, any type of advice of counsel may be waived where a party's state of mind, such as his good faith belief in the lawfulness of his conduct, is relied upon in support of a defense. MBIA Ins. Corp. v. Patriarch Partners VIII, Ltd. Liab. Co., 2012 U.S. Dist. LEXIS 92435, at *17-18 (S.D.N.Y. July 2, 2012).

Further, in any case, Moving Defendants, on more than one occasion in this action, have stated that Plaintiffs were terminated for "breaking the law". See Dkt. 50, Exhibit 1 and 5. As such, Ms. Bechtel's advice was related to a specific statute – New York State notary law.

### POINT III

### MOVING DEFENDANTS HAD THE BURDEN OF PROVING THAT THEY WERE ENTITLED TO A PROTECTIVE ORDER

Finally, Moving Defendants had the burden of proving that they were entitled to a protective order. The party seeking a protective order bears the burden of proving that the information sought in discovery will result in a cognizable injury to the moving party. Duling v. Gristede's Operating Corp., 266 F.R.D. 66, *71 (S.D.N.Y. Mar. 30, 2010).

In their moving and reply papers, Moving Defendants failed to present any evidence that they would be prejudiced in any way by the disclosure of documents from Ms. Bechtel or by Plaintiffs questioning Ms. Bechtel regarding her communications with Moving Defendants. Dkt. # 47 and 55. Therefore, Judge McCarthy properly found that Moving Defendants "put forth no other justifications that would warrant the issuance of a protective order". Dkt. # 61, pg. 10.

Further, other than the Affidavit of Ms. Bechtel, who is a partner at Moving Defendants' counsel's law firm, Moving Defendants have failed to provide any case law or evidentiary proof that Ms. Bechtel's communications with Moving Defendants were primarily for obtaining legal advice and that Ms. Bechtel did not make any management decisions. Dkt. # 47, Exhibit A.

Therefore, Moving Defendants are now precluded from arguing in their objections that Ms. Bechtel did not make any employment decision concerning Mr. Lawless or Plaintiffs. Berbick v. Precinct, 42, 977 F. Supp. 2d 268, 273 (S.D.N.Y. 2013) ("A motion referred to a magistrate judge is not a trial run." (alterations and internal quotation marks omitted)).

Therefore, the Court properly denied Moving Defendants' motion for a protective order.

CORBALLY, GARTLAND AND RAPPLEYEA, LLP • ATTORNEYS AND COUNSELORS AT LAW
35 MARKET STREET • POUGHKEEPSIE, NEW YORK 12601 • (845) 454-1110

## CONCLUSION

Plaintiffs respectfully request that the Court issue an order confirming the Memorandum & Order of Magistrate Judge Judith C. McCarthy dated July 16, 2018 which denied Moving Defendants' motion for a protective order, authorized Plaintiffs to reopen the McMichael deposition, and directed Moving Defendants to submit a privilege log listing documents that are related to the sexual harassment and the notary policy investigations and for which Moving Defendants claim a privilege, together with such other and further relief as the Court may deem just and proper.

Dated:    Poughkeepsie, New York
          August 14, 2019

_____
Brooke D. Youngwirth, Esq. (BDY1210)

CORBALLY, GARTLAND AND RAPPLEYEA, LLP • ATTORNEYS AND COUNSELORS AT LAW
35 MARKET STREET • POUGHKEEPSIE, NEW YORK 12601 • (845) 454-1110